STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

Shawn Ross,

Plaintiff,

v.

Officer Christopher Reiter,
in his individual and official capacities
as a police officer for the City of
Minneapolis, and the City of Minneapolis,

Defendants.

Case Type: Civil

**COMPLAINT AND
JURY DEMAND**

---

Plaintiff Shawn Ross, for his complaint against the above-named Defendant, states and alleges as follows:

1.      This is an action for money damages for injuries sustained by Shawn Ross, as a result of the violations by Defendant of Ross's clearly established rights under the Constitution of the United States, federal statutes, and Minnesota's common law. Mr. Ross demands that this case be tried to a jury.

## PARTIES

2.      At all times relevant to this action, Ross was a citizen of the United States of America and a resident of the State of Minnesota and the County of Hennepin.

3.      At all times relevant to this action, Defendant was employed by and acting, under color of law, as an agent of the Minneapolis Police Department and the City of Minneapolis.

4.      Mr. Ross sues the Defendant officer in his official and individual capacities.

5.    At all times relevant to this action, the City of Minneapolis was and is a duly incorporated municipal corporation and the employer and principal of the Defendant.

## JURISDICTION AND VENUE

6.    Mr. Ross brings this action pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and Minnesota's common law, which confer upon this Court jurisdiction as to all claims.

7.    Because all of the facts complained of arose in the City of Minneapolis, this action properly lies in Hennepin County.

## FACTUAL ALLEGATIONS

8.    On the night of September 13th, 2014, at approximately 8:00 pm, Mr. Shawn Ross was working at the Shell Station at 640 East Lake Street, when he noticed an intoxicated and belligerent customer outside the gas station.

9.    The intoxicated man was targeting other patrons for harassment, and could be heard using racial slurs against several people in the vicinity, apparently with hopes of prompting a physical confrontation.

10.    While the man continued to berate customers, Mr. Ross and his co-worker tried to diffuse the situation, repeatedly telling the man to leave the gas station premises.

11.    Another patron arrived at the Shell station in a white SUV, along with three other passengers.

12.    The intoxicated man began to berate the recently arrived patrons as they approached the gas station.

Notice of Removal Exhibit B

13.     As a result, a physical fight broke out between the new patrons and the intoxicated man in front of the gas station.  Mr. Ross was not involved in any of the violence that took place between the two parties.

14.     Almost immediately, police officers drove onto the scene, and  issued the command "Everybody on the ground" with their weapons drawn.

15.     As he complied with the officers' commands, Mr. Ross was on his  knees on the ground and identified himself as the station's manager.

16.     While Ross was compliant and on the round, he was kicked hard in the torso by the Defendant, which knocked Ross to the ground.

17.     Mr. Ross was then detained along with the parties at fault in the altercation.

18.     At all relevant times, Defendant were acting under color of law as a Minneapolis police officer.

19.     Mr. Ross suffered injuries to his ribs, including bruising and lasting pain.  Mr. Ross also experienced digestive difficulties following the incident, and continues to suffer from depression, post-traumatic stress disorder, and anxiety.


## COUNT 1 –EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiff re-alleges paragraphs 1 through 18 and further states:

19.     Ross was complying with police orders, and was not the legitimate suspect of any criminal activity when the Defendant used force against him while acting under color of law. Because Mr. Ross was compliant, had not committed any crimes, and did not physically resist his arrest, there was no legitimate law enforcement purpose for the use of any force against him. The force used against Ross was excessive because it was not reasonably necessary to achieve a

legitimate law enforcement purpose, and a reasonable officer would not have been mistaken about the aforesaid legal constraints on his use of force.

20.     Defendant's actions were the direct and proximate cause of the constitutional violations and Ross's injuries and damages.


## COUNT 2 – BATTERY

Plaintiff re-alleges paragraphs 1 through 22 and further states:

23.     Defendant committed the tort of battery by using force against Ross's person, without consent or legal justification.

24.     Defendant's battery was the direct and proximate cause of Ross's injuries and damages.

25.     The Minneapolis Police Department is severally liable for the actions of Defendant under the doctrines of agency and *respondeat superior*.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

a.      awarding Plaintiff compensatory damages against Defendant in the amount of $300,000.00;

b.      awarding Plaintiff punitive damages on all claims in an amount to be determined at trial;

c.      awarding Plaintiff all of his costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. § 1988;

d.      granting such other relief as the Court may deem just and equitable.

Dated:  9/30/15

By:

Paul Applebaum (223098)
Andrew Irlbeck (392626)
**APPLEBAUM LAW FIRM**
First National Bank Building
332 Minnesota Street, Suite W-1610
St. Paul, Minnesota 55101
(PH) (651) 366-6909
(FAX) (651) 223-5179
*Attorneys for Plaintiff*

Notice of Removal Exhibit B